United States District Court
Southern District of Texas
**ENTERED**
February 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAS GARCIA DE LA CRUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-5577 |
| | § | |
| PAM BONDI, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jeremias Garcia De La Cruz ("Petitioner") brought this action against Pam Bondi, Kristi Noem, Todd Lyons, Bret Bradford, and Randy Tate (collectively referred to as "Respondents"), seeking a writ of habeas corpus.[1] Pending before the court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition for Habeas Corpus") (Docket Entry No. 1) and the Government's Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment filed on behalf of Respondents ("Respondents' MSJ") (Docket Entry No. 13). For the reasons explained below, Respondents's MSJ will be granted and Petitioner's Petition for Habeas Corpus will be denied.

---

[1]Petition for Habeas Corpus, Docket Entry No. 1, pp. 8-9 ¶ 8. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. Background

Petitioner, a citizen of Mexico, entered the United States without inspection in 1999.[2] On November 9, 2025, Petitioner was arrested by the Houston Police Department for driving while intoxicated.[3] After the Department of Homeland Security ("DHS") issued a warrant for Petitioner's arrest on November 12, 2025, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody and removal proceedings were commenced.[4] On December 9, 2025, an immigration judge denied Petitioner a bond hearing, finding that because Petitioner was detained under § 1225(b)(2), the immigration court lacked jurisdiction to grant Petitioner a bond hearing.[5] Petitioner remains in immigration custody.

On November 19, 2025, Petitioner filed a Petition for Habeas Corpus.[6] Petitioner argues that his detention without a bond hearing violates (1) due process, (2) the Immigration and

---

[2] Id. at 10 ¶ 14.

[3] Id. at 11 ¶ 21.

[4] Id. at 11 ¶ 23; Respondents' MSJ, Docket Entry No. 13, p. 2 ¶ 2; Exhibit 2 to Petition for Habeas Corpus, Docket Entry No. 1-2, p. 1.

[5] Rezpondents' MSJ, Docket Entry No. 13, p. 3 ¶ 5. Under the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, Petitioner was detained under § 1225(b)(2). Id. at 1.

[6] Petition for Habeas Corpus, Docket Entry No. 1, pp. 1, 26.

Nationality Act ("INA"), (3) the Administrative Procedure Act ("APA"), and (4) the Suspension Clause.[7]

On December 29, 2025, the Government filed a Response and MSJ on behalf of Respondents opposing each of Petitioner's claims.[8] Petitioner filed a reply on January 17, 2026.[9]

## II. Analysis

Respondents argue that Petitioner's Petition for Habeas Corpus must be denied because (1) he failed to exhaust administrative remedies and (2) his detention is legal under § 1225(b)(2).[10] Neither party disputes that the court has jurisdiction over Petitioner's Petition for Habeas Corpus.

Because "[n]othing in the record suggests that the BIA would reconsider [the Hurtado decision], given its recency," Petitioner's "failure to appeal in these circumstances [is not] counted as an impermissible failure to exhaust administrative remedies." Cabanas v. Bondi, Civil Action No. 4:25-cv-04830, 2025 WL 3171331, at *3 (S.D. Tex. Nov. 13, 2025). Therefore, the only issue before the court is whether Petitioner's detention without a bond hearing

---

[7]Id. at 16-22.

[8]Respondents' MSJ, Docket Entry No. 13.

[9]Reply to Respondents' Response in Opposition, Docket Entry No. 15.

[10]Respondents' MSJ, Docket Entry No. 13, pp. 1-2.

violates (1) the INA, (2) due process, (3) the APA, and (4) the Suspension Clause.

### A. Petitioner can be legally detained under § 1225(b)(2).

As the court explained in Cabriales v. Noem, Civil Action Number H-25-4908 (S.D. Tex. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. The court's analysis and holding applies in this case.

### B. Petitioner's detention does not violate due process.

Citing Zadvydas v. Davis, 121 S. Ct. 2491 (2001), Petitioner argues that his detention without a bond hearing to determine whether he is a flight risk or danger to the community violates due process.[11]

In Zadvydas the Court "explicitly distinguished post-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from 'detention pending a determination of removability.'" Benitez v. Bradford, Civil Action Number 4:25-cv-06178, 2026 WL 82235, at *2 (S.D. Tex. Jan. 8, 2026) (quoting Zadvydas, 121 S. Ct. at 2503). Zadvydas thus does not establish "that detention during removal proceedings itself violates due process." Sanchez v. Smith, Civil Action Number 4:25-cv-05384, 2025 WL 3687914, at *3 (S.D. Tex. Dec. 19, 2025). "Instead, as the Supreme Court in Demore later

---

[11]Petition for Habeas Corpus, Docket Entry No. 1, pp. 16–18.

[held], '[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

## C. Petitioner is not entitled to relief under the APA.

Petitioner argues that the change in Department of Homeland Security detention policy without a notice and comment period violates the APA.[12]

"Section 704 of the APA states, in no uncertain terms, that '[a]gency action made reviewable by statute and final agency action <u>for which there is no other adequate remedy in a court</u> are subject to judicial review.'" Garibay-Robledo v. Noem, No. 1:25-CV-177-H, 2026 WL 81679, at *10 (N.D. Tex. Jan. 9, 2026) (quoting 5 U.S.C. § 704). In other words, a plaintiff is only entitled to relief under the APA when there is no other remedy available. Because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA.

## D. Petitioner's detention does not violate the Suspension Clause.

Petitioner argues that if 8 U.S.C. § 1252 stripped this court of jurisdiction over his Petition for Habeas Corpus, it would violate the Suspension Clause as applied to Petitioner.[13] But § 1252 does not strip this court of jurisdiction over this petition

---

[12] Id. at 19.

[13] Id. at 21-22.

because Petitioner is challenging the lawfulness of his continued detention during the pendency of his removal proceedings. See Reno v. American-Arab Anti-Discrimination Committee, 119 S. Ct. 936, 943 (1999) (holding that § 1252 "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g))). The court therefore does not need to address Petitioner's Suspension Clause claim.

### III. Conclusion and Order

For the reason explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**. The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 5th day of February, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE